O’BRIEN, Circuit Judge,
Concurring.
I join the court’s very able opinion. I write separately only to expand upon the discussion of one issue.
The majority says “We agree with the district court that Duval, who is alleged only to have assisted with the preparation and presentation in judicial proceedings of an affidavit signed by Hawkinson, has prosecutorial immunity concerning this claim. See Kalina v. Fletcher, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997).” Majority Op. at 515. I wholeheartedly agree, but think a more fulsome discussion of absolute prosecutorial immunity is in order.
In Kalina v. Fletcher the prosecutor, Kalina, was seeking a warrant for the arrest of Fletcher. Among other documents she filed with the court was a certificate summarizing the evidence against Fletcher; she personally attested to the truth of those summarized facts. Based on those facts a judge found probable cause and issued the requested warrant. Fletcher was arrested and jailed for a day. The charges against him were dismissed a month later. As it turned out some of the certified facts were either not true or not entirely true. After the charges against him were dismissed Fletcher brought a 42 U.S.C. § 1983 action against Kalina seeking damages for her part in violating his constitutional right to be free from unreasonable seizures. The issue before the Supreme Court was whether Kalina was entitled to absolute prosecutorial immunity, which would completely insulate her not only from liability for her part in Fletcher’s improper arrest and incarceration but from even being subject to suit.
The court traced the history and reasons for absolute prosecutorial immunity and summarized:
These cases make it clear that the absolute immunity that protects the prosecutor’s role as an advocate is not grounded in any special “esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.” Malley [v. Briggs], 475 U.S. [335,] 342, 106 S.Ct. [1092,] 1097 [89 L.Ed.2d 271 (1986) ]. Thus, in determining immunity, we examine “the nature of the function performed, not the identity of the actor who performed it.” Forrester v. White, 484 U.S. 219, 229, *518 108 S.Ct. 538, 545, 98 L.Ed.2d 555 (1988).
Kalina, 522 U.S. at 127, 118 S.Ct. 502.
It then addressed Kalina’s situation, saying:
[Kalina’s] activities in connection with the preparation and filing of two of the three charging documents-the information and the motion for an arrest warrant-are protected by absolute immunity. Indeed, except for her act in personally attesting to the truth of the averments in the certification, it seems equally clear that the preparation and filing of the third document in the package [the affidavit of probable cause] was part of the advocate’s function as well. The critical question, however, is whether she was acting as a complaining witness rather than a lawyer when she executed the certification “[u]nder penalty of perjury.”
Id. at 129, 118 S.Ct. 502.
Because Kalina was acting as a complaining witness, rather than an advocate in an active case, the Supreme Court concluded she was not entitled to absolute immunity. Of course, she would still be free to argue for qualified immunity.
We confronted a slightly different claim of absolute immunity in Mink v. Suthers, 482 F.3d 1244 (10th Cir.2007). In that ease Mink sued, among others, a deputy district attorney who, pursuant to statute, reviewed an affidavit for a search warrant prepared by an investigating officer before it was presented to a judge. Relying on the affidavit the officer obtained a warrant, which unconstitutionally permitted a search of Mink’s home and computer. In considering the deputy D.A.’s claim to absolute immunity we reviewed and summarized the applicable law as follows:
[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government’s case. Absolute immunity, however, does not extend to those actions that are investigative or administrative in nature, including the provision of legal advice outside the setting of a prosecution. See Imbler [v. Pachtman], 424 U.S. [409,] 430-31, 96 S.Ct. 984 [47 L.Ed.2d 128 (1976)]; Burns [v. Reed], 500 U.S. [478,] 486, 493-94, 111 S.Ct. 1934 [114 L.Ed.2d 547 (1991) ].
Mink, 482 F.3d at 1261-62.
We concluded the deputy D.A. was not entitled to absolute immunity because her role in giving advice to the police (passing on the form and substance of the affidavit) was unquestionably that of a lawyer, but was not part of an active prosecutorial function:
Under the Supreme Court’s functional approach, we look to which role the prosecutor is performing-advocate or investigator. Here, the review of the affidavit squarely falls on the side of investigatory legal advice, and not advocacy before a judicial body. The deputy district attorney played no role in preparing the affidavit, nor was she involved in preparing, analyzing, and presenting pleadings to a court. If she were, this would be quite a different case.
Id. at 1262 (emphasis added). We did not speak to qualified immunity as that issue was not part of the appeal.
This is that “quite different” case alluded to in Mink. Ed Klen moved to dismiss a pending criminal case against him. In opposing the motion to dismiss Duval presented to the court (and allegedly assisted in drafting) an affidavit signed by Thomas Hawkinson. His acts were clearly those of an advocate in an active case. He is entitled to absolute immunity.